**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ. (6375)
Email: dem@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for UNITE HERE HEALTH*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| THE LAW OFFICES OF CHAD M. GOLIGHTLY, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>ONEYDY MORALES, an individual; UNIVERSITY MEDICAL CENTER; AUXILIARY OF RIVERSIDE COMMUNITY HOSPITAL; AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA; MARK GLYMAN, M.D., D.D.S. AND ERIC D. SWANSON, M.D., D.M.D. LIMITED; SOUTHERN HILLS MEDICAL CENTER, LLC; UNITE HERE HEALTH, a foreign corporation; American Medical Response of Southern California dba American Medical Response, a foreign corporation; DOES I through X; ROE CORPORATIONS XI through XX;<br><br>Defendants. | CASE NO.:<br><br>**UNITE HERE HEALTH'S NOTICE OF REMOVAL** |

To: The Honorable Judges of the United States District Court for the District of Nevada

Defendant UNITE HERE HEALTH ("UHH"), also known as the Culinary Health Fund, acting by and through its attorneys, Christensen James & Martin, does hereby give notice of its desire to exercise its rights under the provisions of Title 28 U.S.C. §§ 1331, et seq., and does hereby remove this action from the Eighth Judicial District Court in and for Clark County, Nevada, in which said action is now pending under Case No. A712194, to the United States District Court for the District of Nevada, and for grounds in support hereof, while reserving the

right to challenge the sufficiency of service of process and to assert all procedural and substantive challenges, states as follows:

1. Case No. A712194 was commenced by the filing of a Complaint in early 2015. An Amended Complaint naming UNITE HERE HEALTH ("UHH") as a Defendant was filed on June 15, 2015.

2. UHH first received a copy of the Summons and Amended Complaint on August 3, 2015. This Petition is timely filed pursuant to the thirty (30) day requirement of 28 U.S.C. § 1446(b).

3. Exhibit "A" attached hereto constitutes a true and correct copy of all state court pleadings presently possessed by UHH. Consistent with applicable rules, UHH will obtain and will promptly file with this Court copies of all pleadings on file with the state court.

4. In connection with its one count cause of action stated in the Amended Complaint in Interpleader, Plaintiff has averred that Defendant ONEYDY MORALES ("Participant") received Fifteen Thousand Dollars ($15,000.00) from a tortfeasor or the insurer of a tortfeasor. UHH is one of numerous persons who claim a right to be paid out of the monies that the Plaintiff seeks to interplead. At paragraph 19 of the Amended Complaint in Interpleader, Plaintiff alleges that it is unable to determine which of all the known claims may take priority over any other claims.

5. Based on the information found in the Complaint, information found in a written Repayment Agreement dated August 28, 2012 that was executed by the Participant and by the Plaintiff, and based on UHH's own internal records, UHH has determined that the Participant received accident benefits under UHH's welfare plan. Consistent with the terms of the employee benefit plan administered by UHH, and consistent with the written Repayment Agreement executed on August 28, 2012, UHH paid medical expenses in the total sum of $70,296.06 for the Participant relating to the same injuries for which the Participant was compensated by the tortfeasor or the insurer described above.

6.  This Case is removable to the District Courts of the United States pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under which United States District Courts "…have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's claim against UHH relates to monies owed by Plaintiff or others to UHH. UHH is a Taft-Hartley Employee Benefit Trust Fund whose affairs are governed by the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.] ("ERISA"). Plaintiff's claim against UHH requires the interpretation of UHH's ERISA Plan Document, which presents a federal question under § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)(B)(ii)] which statute authorizes benefit plans, like the one administered by UHH, "to obtain...appropriate equitable relief...to enforce...the terms of the plan." *See Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.,1999) (ERISA plan regulation is exclusively a federal concern); and see *Parker v. Ross*, 147 F.Supp.2d 1376 (M.D. Ga. 2001) (granting summary judgment to ERISA Plan pursuant to the terms of its Plan Document in a lien adjudication proceeding after removal from state court).

7.  Under 29 U.S.C. § 1132(e)(1), the United States District Court is the only court that may properly adjudicate all claims and issues raised by the Complaint in Interpleader as the courts of the State of Nevada lack jurisdiction over the claim asserted by UHH to the interpleader proceeds. Because only this Court has the ability to accord complete relief to all parties, it is proper for this Court to determine all issues presented in this Case, even if the Participant's claim to the interpleader proceeds and UHH's anticipated counterclaims and cross-claims relating to the interpleader proceeds are the only claims that present federal questions. *See* generally 28 U.S.C. § 1441 and F.R.C.P. 19.

Respectfully submitted this 18th day of August, 2015.

CHRISTENSEN JAMES & MARTIN

By: /s/ *Daryl E. Martin*
Daryl E. Martin, Esq.
*Attorneys for Defendant*
*UNITE HERE HEALTH*

-3-

**CERTIFICATE OF SERVICE**

I am over the age of 18, I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm"). I certify that on the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the NOTICE OF REMOVAL to be served in the following manner:

☐  ELECTRONIC SERVICE:   Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court, and by direct email generated by my office, sent to _____.

☒  UNITED STATES MAIL:   By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

>    Chad M. Golightly
>    8560 S. Eastern Ave., Suite 240
>    Las Vegas, NV 89123

☐  OVERNIGHT COURIER:   By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐  FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By:   */s/ Natalie Saville*

-4-

# EXHIBIT A

# EXHIBIT A

RECEIVED AUG 03 2015 BY:

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THE LAW OFFICES OF CHAD M. GOLIGHTLY, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>ONEYDY MORALES, an individual; UNIVERSITY MEDICAL CENTER; AUXILIARY OF RIVERSIDE COMMUNITY HOSPITAL; AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA; MARK GLYMAN, M.D., D.D.S. AND ERIC D. SWANSON, M.D., D.M.D. LIMITED; SOUTHERN HILLS MEDICAL CENTER, LLC; UNITE HERE HEALTH, a foreign corporation; American Medical Response of Southern California dba American Medical Response, a foreign corporation; DOES I through X; ROE CORPORATIONS XI through XX;<br><br>Defendants. | CASE NO.: A-15-712194-C<br>DEPT NO.: XXII<br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT:   UNITE HERE HEALTH, a foreign corporation

A civil Complaint has been filed by the Plaintiffs against you for the relief set forth in the Complaint.

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
    b.  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

| GOLIGHTLY & ASSOCIATES | CLERK OF COURT |
|---|---|
| By: _signature_ t/12441 for<br>CHAD M. GOLIGHTLY, ESQ.<br>Nevada Bar No.: 005331<br>8560 South Eastern Avenue, Suite 240<br>Las Vegas, NV 89123<br>Telephone: (702) 222-3333 | DANIEL WASHINGTON  JUN 17 2015<br>By: _signature_<br>DEPUTY CLERK<br>County Courthouse<br>200 Lewis Avenue<br>Las Vegas, Nevada 89101 |

Electronically Filed
06/15/2015 01:08:37 PM

CLERK OF THE COURT

1  ACOM
   CHAD M. GOLIGHTLY, ESQ.
2  Nevada Bar No.: 5331
   L. DIPAUL MARRERO II, ESQ.
3  Nevada Bar No.: 12441
   CHAD M. GOLIGHTLY, LTD.
4  8560 S. Eastern Avenue, Ste. 240
   Las Vegas, NV 89123
5  (702) 222-3333
   Attorney for Plaintiff/Interpleader
6  THE LAW OFFICES OF
   CHAD M. GOLIGHTLY, LTD.

7
## DISTRICT COURT
## CLARK COUNTY, NEVADA
8

9  THE LAW OFFICES OF CHAD M.            CASE NO.:A-15-712194-C
   GOLIGHTLY, LTD.                        DEPT NO.:XXII
10
                   Plaintiff,
11 vs.                                    AMENDED COMPLAINT IN
                                          INTERPLEADER
12
   ONEYDY MORALES, an individual;        NAR 3(a) Exempt from Arbitration
13 UNIVERSITY MEDICAL CENTER;            action in equity and for declaratory relief;
   AUXILIARY OF RIVERSIDE COMMUNITY       amount in controversy.
14 HOSPITAL; AMERICAN MEDICAL
   RESPONSE OF SOUTHERN CALIFORNIA;
15 MARK GLYMAN, M.D., D.D.S. AND ERIC D.
   SWANSON, M.D., D.M.D. LIMITED;
16 SOUTHERN HILLS MEDICAL CENTER, LLC;
17 UNITE HERE HEALTH, a foreign corporation;
   American Medical Response of Southern
18 California dba American Medical Response, a
   foreign corporation; DOES I through X; ROE
19 CORPORATIONS XI through XX;

20              Defendants.
21

22     Plaintiff THE LAW OFFICES OF CHAD M. GOLIGHTLY, LTD. (hereinafter "Plaintiff"),
23 by and through its attorneys of record CHAD M. GOLIGHTLY, ESQ. and L. DIPAUL MARRERO
24 II, ESQ. of THE LAW OFFICES OF CHAD M. GOLIGHTLY, LTD., and for its cause of action
25
   against the Defendants, and each of them, complains and alleges as follows:
26
27     1.    This Court has jurisdiction pursuant to N.R.C.P. 22, which confers upon Plaintiff the
28 right to interplead.

2.      That Plaintiff is a law firm duly licensed to do business, and is doing business, within the County of Clark, State of Nevada.

3.      That Defendant Oneydy Morales (hereinafter "Morales") was, at all times relevant to this action, a resident of Clark County, Nevada.

4.      That Plaintiff was retained by Morales to represent Morales for personal injuries Morales sustained in a motor vehicle accident against Jaime Flores, which accident occurred on August 14, 2012.

5.      That Defendant UNIVERSITY MEDICAL CENTER., is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Clark County, State of Nevada, and provided medical care and treatment to Morales, all or part of which was on a lien basis.

6.      That Defendant AUXILIARY OF RIVERSIDE COMMUNITY HOSPITAL, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of California, and was doing business in the State of California, and provided medical care and treatment to Morales, all or part of which was on a lien basis.

7.      That Defendant AMERICAN MEDICAL RESPONSE OF SOUTERHN CALIFORNIA, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of California, and was doing business in the State of California, and provided medical care and treatment to Morales, all or part of which was on a lien basis.

8.      That Defendant MARK GLYMAN, M.D., D.D.S. AND ERIC D. SWANSON, M.D., D.M.D. LIMITED, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Clark County, State of Nevada, and provided medical care and treatment to Morales, all or part of which was on a lien basis.

9. That Defendant SOUTHERN HILLS MEDICAL CENTER, LLC, is and, at all times relevant hereto, was a business and/or medical provider/facility licensed by the State of Nevada, and was doing business in Clark County, State of Nevada, and provided medical care and treatment to Morales, all or part of which was on a lien basis.

10. That Defendant UNITE HERE HEALTH is and, at all times relevant hereto, was a foreign corporation believed to be currently holding liens against Morales.

That the true names and capacities, whether individual, corporate, associate, or otherwise, DOE Defendants I through X are unknown to Plaintiff, who therefore sues said Defendant by such fictitious names. Plaintiff is informed, believes and thereupon alleges that at all relevant times, each of the Defendants designated as a DOE Defendant is responsible in some manner for the events and happenings described herein. As such, Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants ROE Corporations XI through XX, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed, believes and thereupon alleges that at all relevant times, each of the Defendants designated, as a ROE CORPORATION is responsible in some manner for the events and happenings described herein. As such, Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

12. On August 14, 2012, Defendant Morales was injured in an automobile collision caused by Jaime Flores.

13. Defendant Oneydy Morales entered into a contingent attorney fee agreement with Plaintiff, which provided that Plaintiff would receive twenty-eight percent (28%) of any monies recovered in addition to all costs associated with the pursuit of recovery against Jaime Fl...

14. Plaintiff settled the claim settled for the amount of $15,000.00 ("Settlement Proceeds").

15. Plaintiff is therefore entitled to twenty-eight percent (28%) of the Settlement Proceeds, or $4,200.00 and $156.00 in costs, pursuant to the contingent attorney fee agreement.

16. Plaintiff maintains a charging lien in this matter pursuant to NRS 18.015 which takes priority in this matter pursuant to *Michel v. Eighth Judicial District Court*, 117 Nev. 145, 17 P.3d 1003 and NRS 108.600.

17. Plaintiff is informed and believes that Defendants may have existing liens against the Settlement Proceeds for services provided to Daniel Morales after the August 14, 2012, automobile collision.

18. Plaintiff is informed and believes that the total monetary value of liens claimed by Defendants may exceed the remainder of the Settlement Proceeds after Plaintiff receives its contingency fee.

19. Plaintiff cannot safely determine which liens should be paid or what percentage should be awarded to Defendants, therefore exposing Plaintiff to multiple liabilities.

20. Plaintiff seeks to interplead pursuant to NRCP 22 the entirety of the aforesaid $15,000.00 with the Court and to have the Court determine the rights of each party with respect to the funds.

21. Defendant **University Medical Center** has a lien and/or is owed $150.00.

22. Defendant **Auxiliary of Riverside Community Hospital** has a lien and/or is owed $250.00.

23. Defendant **American Medical Response of Southern California** has a lien and/or is owed $1,833.00.

24. Defendant **Mark Glyman, M.D., D.D.S. and Eric. D. Swanson, M.D., D.D.S.,**

25. Defendant **Southern Hills Medical Center, LLC** has a lien and/or is owed $77.00.

26. Defendant **Unite Here Health** has a lien and/or is owed $70.296.06.

Plaintiff brings this Complaint in Interpleader in good faith, and as directed by this Court, will deposit the sum of $15,000.00, to be divided by this Court, as it deems appropriate.

WHEREFORE, Plaintiff requests for this Court to provide the following relief:

1. Require Defendants to appear and answer this Complaint in Interpleader to establish whatever claims they have with respect to settlement proceeds.

2. Order immediate payment to Plaintiff in excess of $4,200.00 for attorneys fees and costs based upon its lien and pursuant to statutory authority.

3. Determine which of the Defendants are entitled to a portion of the settlement proceeds.

4. That all of the Defendants be restrained until further order of this Court from institution or further pursuing any proceeding against Plaintiff affecting the rights and obligations of the parties to this action.

5. Declare Plaintiff to be without liability regarding Defendants' liens and be discharged from all responsibility concerning the settlement proceeds.

6. Award reasonable attorney's fees to Plaintiff for bringing this action;

7. Reimburse Plaintiff for service of the summonses and complaints served on the Defendants. Plaintiff will provide the court with an itemized list of billing for service of the summonses and complaints when they are served.

8. Extend any other relief to which Plaintiff is entitled; and

9. Discharge Law Offices of Chad M. Golightly, Ltd. from the action.

10. For any further relief as the Court deems to be just and proper.

Dated this 12 day of June, 2015.

THE LAW OFFICES OF CHAD M. GOLIGHTLY, LTD.

L. DEPAUL MARRERO II, ESQ.
Nevada Bar No. 12441
CHAD M. GOLIGHTLY, ESQ.
Nevada Bar No. 5331
8560 South Eastern Ave. Suite 240
Las Vegas, NV 89123
*Attorneys for Plaintiff*