UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| The Law Offices of Chad M. Golightly, Ltd.,<br><br>  Plaintiff<br><br>v.<br><br>Oneydy Morales, et al.,<br><br>  Defendants<br><br>And all related matters | 2:15-cv-01589-JAD-PAL<br><br>**Order Discharging Show-Cause Obligation; Granting Motion to Serve Morales by Publication and Extension of Time to Perfect Service; and Denying Motion for the Entry of Clerk's Default**<br><br>[ECF Nos. 30, 32, 33] |

    The Law Offices of Chad M. Golightly, Ltd. is the plaintiff in this removed interpleader action. In response to the Clerk of Court's FRCP 4(m) dismissal notice,[1] Golightly argues that good cause exists for its failure to yet serve defendant Oneydy Morales with process, and seeks leave to serve her by publication and additional time in which to perfect service.[2] Defendant/cross-claimant Unite Here Health seeks the entry of a clerk's default against several of the persons named in its cross-complaint[3] and joins Golightly's request to serve Morales by publication and for more time to do so.[4]

    I find that Golightly has satisfied its obligation to show good cause why Morales was not timely served with process. It has also established that, after due diligence, Morales either cannot be located within this state or is evading service. Thus, I discharge Golightly's obligations under the Rule 4(m) notice, I grant its request for leave to serve Morales by publication, I instruct Unite Here to do the same, and I enlarge and extend the time for them to serve Morales by 60 days.

---

[1] ECF No. 29.

[2] ECF Nos. 30, 33. The Golightly firm styled its response to the Clerk of Court's notice of intent to dismiss under FRCP 4(m) as an objection. *See* ECF No. 30.

[3] ECF No. 32.

[4] ECF No. 34.

Unite Here served the cross-defendants by U.S. Mail under FRCP 5, but I find that it was required to serve them under FRCP 4. Thus, the cross-defendants were not properly served with Unite Here's cross-complaint. I therefore deny without prejudice Unite Here's motion for the entry of a clerk's default against the cross-defendants, and I enlarge and extend the time for it to serve them by 60 days.

## Background

Oneydy Morales was injured in a car accident and retained The Law Offices of Chad M. Golightly, Ltd. to represent her in the resulting lawsuit.[5] The litigation eventually settled for $15,000; Golightly understood that numerous individuals and entities might be entitled to the settlement proceeds, but it was unsure how to distribute those funds.[6] So it filed an interpleader action in Nevada state court naming the potential claimants as defendants.[7] Golightly then served all of the defendants with process, except for Morales.[8]

Defendant Unite Here Health then removed the interpleader action to this court on the basis of federal-question jurisdiction.[9] Unite Here next answered Golightly's amended interpleader complaint, counterclaimed against that firm, and filed cross-claims against Unite Here's co-defendants.[10] Unite Here filed a certificate purporting to have served its pleading on all of the defendants, except Morales, via U.S. mail under FRCP 5.[11]

Because no party had yet perfected service on Morales, Golightly and Unite Here stipulated to extend the time to serve her by 90 days, which was granted by Magistrate Judge

---

[5] ECF No. 1 at 9, 11.

[6] *Id.* at 11–12.

[7] *Id.* at 8–13.

[8] ECF No. 20.

[9] ECF No. 1.

[10] ECF No. 7.

[11] ECF No. 8.

Leen.[12]  The parties then stipulated to another 60 days in which to serve Morales,[13] but Judge Leen denied that request as moot[14] after Unite Here filed proof that it had served Morales at her last known address—4800 Elm Avenue, Las Vegas, Nevada 89110—through her mother and co-occupant, Lilly Santiago.[15]  Golightly was to effectuate service of the amended interpleader complaint on Morales at that address.  But when the firm's process server attempted to do so, he was informed by the occupant, who identified herself as Adelina DeSantiago, that she had rented the home for many years and did not know Morales.[16]

One month later, the Clerk of Court entered notice that it intended to dismiss Golightly's claims against Morales without prejudice unless the firm filed proof that service had been timely made or showed good cause why that had not occurred.[17]  The motions and objection that are the subject of this order followed.

## Discussion

**A.    Golightly has satisfied its show-cause obligations; that firm and Unite Here may serve Morales by publication, and the time to perfect that service is enlarged and extended by 60 days.**

Rule 4 of the Federal Rules of Civil Procedure provides that individuals located in the U.S. can be served by following the process laws of the state where the district court is located or where service is to be made.[18]  Nevada law authorizes process to be served by publication when it

---

[12] ECF No. 22.

[13] ECF No. 23.

[14] ECF No. 27.

[15] ECF No. 25.

[16] ECF No. 28-1 at 2–3.

[17] ECF No. 29.

[18] FED. R. CIV. PROC. 4(e)(1).

appears by affidavit to the satisfaction of the court that the person to be served "cannot, after due diligence, be found within the state. . . ."[19]

It appears from their process servers' affidavits that Golightly and Unite Here have had inconsistent results serving Morales with process in this action. Unite Here was able to serve Morales through a woman claiming to be her mother and co-occupant at Morales's last known address: 4800 Elm Avenue, Las Vegas, Nevada 89110.[20] But when Golightly attempted to serve Morales at that same address, a woman bearing a similar description and name to the woman that had previously claimed to be Morales's mother stated that she had rented the home for years and did not know the defendant.[21] Golightly's process server then consulted with the DMV and numerous other databases looking for an updated address for Morales to no avail.[22]

It is unclear whether Golightly's failure where Unite Here found success is the product of mistake by the current occupant of Morales's last known address or gamesmanship by or for Morales. But in light of this evidence, I am satisfied that Golightly has been unable to locate Morales in this state despite its diligent efforts to do so. Additionally, I conclude that Golightly has shown good cause why it has not yet served Morales. Because she is a necessary and proper party to this interpleader action, I grant Golightly's request for leave to serve Morales by publication. I also instruct Unite Here to serve Morales by publication so that it can assuage any doubt about the validity of service of its cross-complaint on her. Further, because the time to serve Morales has expired, I enlarge that time and give the parties until February 3, 2017, to perfect service.

---

[19] NEV. R. CIV. PROC. 4(e)(1)(i), (ii).

[20] ECF No. 25.

[21] ECF No. 28-1 at 3.

[22] *Id.*

**B.     Unite Here is not entitled to default against any of the cross-defendants, but the time to perfect service on them is enlarged and extended by 60 days.**

"[W]hen a party's failure to plead or otherwise defend" is shown by affidavit or otherwise, FRCP 55 directs the clerk of court to "enter the party's default."[23]  Unite Here argues that default should be entered against Auxiliary of Riverside Community Hospital, American Medical Response of Southern California, Dr. Mark Glyman, Dr. Eric Swanson, and Southern Hills Medical Center, LLC because they have failed to respond to Unite Here's cross-complaint.

Unite Here served the cross-defendants with a copy of its cross-complaint via U.S. mail under FRCP 5.[24]  It argues that service was proper because Rule 5 applies to "a pleading filed after the original complaint"[25] and provides that "[n]o service is required on a party who is in default for failing to appear."[26]  However, Unite Here fails to notice that the rule continues: "But a pleading that asserts a new claim for relief against such party must be served on that party under Rule 4."[27]

Unite Here sues Auxiliary of Riverside Community Hospital, American Medical Response of Southern California, Dr. Mark Glyman, Dr. Eric Swanson, and Southern Hills Medical Center, LLC for a declaration and enforcement of rights that it claims are granted to it by a provision of the Employee Retirement Income Security Act of 1974 and for constructive trust or an equitable lien.[28]  Those claims were not asserted in the "original complaint" that the Golightly firm filed.  This is because the Golightly firm's complaint is one for interpleader.  "'Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability

---

[23] FED. R. CIV. PROC. 55(a).

[24] ECF No. 8.

[25] FED. R. CIV. PROC. 5(a)(1)(B).

[26] *Id.* at 5(a)(2).

[27] *Id.*

[28] ECF No. 7 at 8–9.

and the vexation of defending multiple claims to the same fund.'"[29]  "An interpleader action usually encompasses two distinct procedurally [sic] stages.  First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability.  The second stage involves an adjudication of the adverse claims of the defendant claimants."[30]

Golightly's amended interpleader complaint pertains to the first stage, while Unite Here's cross-complaint concerns the second stage.  Because Unite Here's cross-complaint contains new claims that were not alleged in Golightly's amended interpleader complaint, Unite Here was required to serve the cross-defendants under FRCP 4.[31]  Thus, I deny Unite Here's motion for the entry of clerk's default against cross-defendants Auxiliary of Riverside Community Hospital, American Medical Response of Southern California, Dr. Mark Glyman, Dr. Eric Swanson, and Southern Hills Medical Center, LLC.  And because the time to serve them has expired, I enlarge that time and give Unite Here until January 31, 2017, to perfect service on these cross-defendants.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Golightly's requests for leave to serve Morales via publication and for additional time to perfect service [ECF Nos. 30, 33] are GRANTED**.  Golightly and Unite Here must each serve Morales by publication in the Las Vegas Review-Journal at least once a week for a period of four weeks.  Golightly and Unite Here have **until February 3, 2017**, to perfect that service.  Golightly and Unite Here then have **until February 17, 2017**, to file proof of completed service with the court.

IT IS FURTHER ORDERED that **Unite Here's motion for entry of a clerk's default [ECF No. 32] is DENIED without prejudice**.  Unite Here has **until February 3, 2017**, to

---

[29] *First Interstate Bank of Or., N.A. v. U.S.*, 891 F. Supp. 543, 545–46 (D. Or. 1995) (quoting *Wash. Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 697 (2d Cir. 1993)).

[30] *Id.* at 546 (citing 3A James WM. Moore & Jo D. Lucas, Moore's Federal Practice §§ 22.14[1] and [2] (2d ed. 1994); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir.1992)).

[31] *See* FED. R. CIV. PROC. 5(a)(2).

perfect service under FRCP 4 on cross-defendants Auxiliary of Riverside Community Hospital, American Medical Response of Southern California, Dr. Mark Glyman, Dr. Eric Swanson, and Southern Hills Medical Center, LLC.  Unite Here then has until **February 17, 2017**, to file proof of completed service with the court.

DATED: December 5, 2016.

_____
Jennifer A. Dorsey
United States District Judge